PROVIDED TO TOMOKA CI ON (6-21-21)
FOR MAILING BY (R.O.)

IN THE UNITED STATES DISTRICT COURT

FOR THE *SOUTHERN* DISTRICT OF *FLORIDA*

_____ *MIAMI* _____ DIVISION

*(Write the District and Division, if any, of the*
*court in which the complaint is filed.)*

Provided To _TOMOKA_ CI

On _1 / 6 / 21_ _Am._

For Mailing, by _____

---

DIONTE JERMAINE DAVIS

_____

_____

*(Write the full name of each plaintiff who is filing*
*this complaint. If the names of all the plaintiffs*
*cannot fit in the space above, please write "see*
*attached" in the space and attach an additional*
*page with the full list of names.)*

-against-

WARDENS, DADE C.I., et al.,

_____

_____

*(Write the full name of each defendant who is*
*being sued. If the names of all the defendants*
*cannot fit in the space above, please write "see*
*attached" in the space and attach an additional*
*page with the full list of names. Do not include*
*addresses here.)*

**Complaint for Violation of Civil Rights**

(Prisoner Complaint)

Case No. **20-CV-23668-GAYLES**

*(to be filled in by the Clerk's Office)*

Jury Trial:  ☑ Yes  ☐ No

*(check one)*

"Amended Complaint"

FILED BY _SAS_ D.C.

JUN 28 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

---

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

## I.      The Parties to This Complaint

### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach
additional pages if needed.

Name      _Dionte Jermaine Davis ᴰᶜ# E28747_

All other names by which you have been known:

_____

ID Number            _E28747_
Current Institution  _Tomoka Correctional Institution_
Address              _3950 Tiger Bay Road_
                     _Daytona Beach, Fl  32124_

### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether
the defendant is an individual, a government agency, an organization, or a
corporation.  Make sure that the defendant(s) listed below are identical to those
contained in the above caption.  For an individual defendant, include the person's job
or title (if known) and check whether you are bringing this complaint against them in
their individual capacity or official capacity, or both.  Attach additional pages if
needed.

Defendant No. 1

Name            _Warden-Jose Colon_
Job or Title    _Warden_
(if known)
Shield Number
Employer        _Dade Corrections Intitution (D.C.I.)_
Address         _1900 SW 377ᵀᴴ Street,_
                _Florida City, Florida  33034_

        ☒ Individual capacity          ☒ Official capacity

Defendant No. 2

Name            _J. Love_

2

Job or Title
(if known)                      _Assistant Warden_

Shield Number                   _____

Employer                        Dade Corrections Institution (D.C.I.)

Address                         1900 SW 377ᵀᴴ Street
                                Florida City, Florida 33034

☒ Individual capacity           ☒ Official capacity

Defendant No. 3

Name                            E. Lane

Job or Title                    Corrections Officer - Lieutenant
(if known)

Shield Number                   _____

Employer                        Dade Corrections Institution (D.C.I.)

Address                         1900 SW 377ᵀᴴ Street,
                                Florida City, Florida 33034

☒ Individual capacity           ☒ Official capacity

Defendant No. 4

Name                            "See Attaced"

Job or Title                    _____
(if known)

Shield Number                   _____

Employer                        "See Attached"

Address                         _____

☒ Individual capacity           ☒ Official capacity

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights,
privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six
Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue
federal officials for the violation of certain constitutional rights.

3

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_____ " *See Attached* " _____

_____

_____

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

_____

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_____ " *See Attached* " _____

_____

_____

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

4

☒    Convicted and sentenced state prisoner

☐    Convicted and sentenced federal prisoner

☐    Other *(explain)* _____

**IV.**   **Statement of Claim**

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_____

_____

_____

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

*Dade Corrections Institution —*
*Facility's Administrative Confinement Unit*
*F-dorm Wing 3 Cell 220 ("F3220")*

C.    What date and approximate time did the events giving rise to your claim(s) occur?

*31 July Friday, 2020*
*3:00 p.m - 6:00 p.m.*

_____

D.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

       *" See Attached "*

_____

_____

_____
_____
_____
_____

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

_____ " _See Attached_ " _____
_____
_____
_____
_____
_____
_____
_____

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

_____ " _See Attached_ " _____
_____
_____
_____
_____

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Dade Correctionals Institution ("D.C.I")_

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No

☐ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☒ Yes

☐ No

E.     If you did file a grievance:

    1.     Where did you file the grievance?

        *Dade C.I*

        *Tomoka C.I*

    2.     What did you claim in your grievance?

        *Sexual Assault, Supervisor Liability, among others*

        *"See Attached"*

    3.     What was the result, if any?

        *Nothing. Face-to-face meeting with an F.D.O.C. Inspector.*

    4.     What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

        *Use proper procedure to highest level of the available prison process of the grievance system.*

F.  If you did not file a grievance:

    1.  If there are any reasons why you did not file a grievance, state them here:

_____
_____
_____
_____

    2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

Although grievances were both timely and properly filed Plaintiff did, however informed all defendants of the claims.

_____

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Emergency Grievance(s) Log Number 20-6-28622 were filed to Show proper exhaustion of administrative remedies. It is attached as exhibit

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

    ☐  Yes

    ☒  No

Case: 1:20-cv-23668-DPG   Document #: 11-1   Entered on FLSD Docket: 11/10/2020
Page 10 of 13
Case 1:20-cv-23668-DPG   Document 20   Entered on FLSD Docket 06/28/2021   Page 10 of 34

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

_____

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐   Yes

☒   No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   _____ *N/A* _____

Defendant(s)   _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____ *N/A* _____

3.   Docket or index number

_____ *N/A* _____

4.   Name of Judge assigned to your case

_____ *N/A* _____

5.   Approximate date of filing lawsuit

_____ *N/A* _____

6.   Is the case still pending?

☐   Yes

☒   No

If no, give the approximate date of disposition. _____

10

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

    ☒   Yes

    ☐   No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

    Plaintiff(s)  *Dionte J. Davis*

    Defendant(s)  *R. Dieudonne, et al*

2.    Court *(if federal court, name the district; if state court, name the county and State)*

    *United States District Court*

    *Southern District Of Florida - Miami*

3.    Docket or index number

    *17-23517-CIV-UNGARO*

4.    Name of Judge assigned to your case

    *UNGARO*

5.    Approximate date of filing lawsuit

    *June 26, 2018*

6.    Is the case still pending?

    ☐   Yes

    ☒   No

If no, give the approximate date of disposition. _MAY 2020_

7.    What was the result of the case? *(For example: Was the case dismissed? Was-judgment entered in your favor? Was the case appealed?)*

_Settlement_

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _1 / 6 / 2021_, 20__.

Signature of Plaintiff        _Dionte J. Davis_
Printed Name of Plaintiff     _Dionte J. Davis_
Prison Identification #       _E28747_
Prison Address    _Tomoka Correctional Institution_
                  _Daytona Beach    Fl        32124_
                  City              State      Zip Code

### B.    For Attorneys

Date of signing: _____, 20__.

Signature of Attorney    _____
Printed Name of Attorney _____
Bar Number               _____
Name of Law Firm         _____

Address          _____

Telephone Number _____

E-mail Address   _____

JURY TRIAL DEMAND

Provided To ~~~ Tower CE
On 1/6/21
for Mailing by

THIS IS A CIVIL ~~RIGHTS~~ RIGHT ACTION AUTHORIZED BY
42 U.S.C. SECTION 1983 FILED BY DIONTE JERMAINE
DAVIS, A STATE OF FLORIDA, PRISONER TO REDRESS
THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS
SECURED BY THE CONSTITUTION OF THE UNITED STATES
AND FEDERAL LAWS OR STATUTES.
DIRECTLY CHALLENGING UNCONSTITUTIONAL PRISONS CONDITIONS.
IN DIRECT VIOLATION OF THE EIGHTH AMENDMENT RIGHTS
TO THE UNITED STATES CONSTITUTION.

THE EIGHTH AMENDMENT PROSCRIBES THE INFLICTION
OF CRUEL AND UNUSUAL PUNISHMENT ON PRISONERS. TO BE
FREE FROM SEXUAL ASSAULT BY A PRISON GUARD. WHILE
IN PRISON AND THE RIGHT TO BE FREE FROM CRIMES OF
VIOLENCE "MOTIVATED" BY GENDER, PURSUANT TO 34 U.S.C.
SECTION 12361; UNNECESSARY USE OF FORCE WHEN PRISON
OFFICIALS MALICIOUSLY AND SADISTICALLY USE FORCE
BY "CHEMICAL AGENTS" TO CAUSE HARM TO THE PRISONER;
FAILURE TO INTERVENE, SUPERVISOR LIABLITY, AND
FAILURE TO KEEP SAFE FROM HARM AND FAILURE TO
PROTECT.

PLAINTIFF'S STATE OF FLORIDA'S TORT LAW CLAIMS:
Aggravated Assault, SEXUAL BATTERY, NEGLIGENCE AND
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

1. THE COURT HAS JURISDICTION OVER THE PLAINTIFF CLAIMS OF VIOLATIONS OF FEDERAL CONSTITUTIONAL RIGHTS UNDER SECTION 1331 AND 1343. PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. SECTION 2283 AND 2284 AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

2. THE COURT HAS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF'S STATE LAW TORT CLAIMS UNDER 28 U.S.C. SECTION 1367.

3. THE UNITED STATES DISTRICT COURT FOR SOUTHERN FLORIDA, IS THE APPROPRIATE VENUE UNDER 28 U.S.C. SECTION 1391 (b)(2), SINCE THE EVENTS OF THIS INCIDENT OCCURRED IN THE COURT'S JURISDICTION OF DADE COUNTY, FLORIDA.

## PARTIES

4. THE PLAINTIFF DIONTE JERMAINE DAVIS, WAS IMPRISONED AT DADE CORRECTIONAL INSTITUTION (D.C.I.), A STATE CORRECTIONAL FACILITY OF THE FLORIDA DEPARTMENT OF CORRECTIONS (FDOC) DURING THE EVENTS DESCRIBED IN THIS COMPLAINT.

5. DEFENDANTS WARDENS JOSE COLON, MARTINEZ, J. LOVE, M. CORRALES, MAJOR RODRIGUEZ AND LIEUTENANT E. LANE ARE ALL CORRECTIONS OFFICERS EMPLOYED AT DADE C.I. THEY ARE ALL SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

6. ALL DEFENDANTS HAVE ACTED AND CONTINUE ACTING UNDER COLOR OF STATE LAW AT ALL TIMES RELEVANT IN THE COMPLAINT

## FACTS

7. ON JULY 31, 2020 FRIDAY, THE PLAINTIFF WAS ASSIGNED TO DADE C.I AT ADDRESS: 19000 SW 377TH STREET, FLORIDA CITY, FLORIDA 33034, ASSIGNED AND HOUSED IN THE FACILITY'S SPEACIAL HOUSING UNIT - ADMINISTRATIVE CONFINEMENT - CELL F3220 WITH NO CELLMATE, FOR OVER SIXTY DAYS (60) WITHOUT ANY DISCIPLINARY INFRACTIONS.

8. Between hours 3:00 p.m - 6:00 p.m, On July 31, 2020 Plaintiff observed Warden Jose Colon, assistant warden J. Love, assistant warden M. Corrales, assistant warden Martinez, Major Rodriguez and Lieutenant E. Lane entering Wing 3 housing unit to Conduct inmate Cells-Clean ups. As this group of top prison officials proceed to Conduct Cell clean ups starting at Cell F3101, the group of top prison officials immediately violates rules and regulations of the department of Corrections. By ~~formerly~~ opening Cells of administrative Confinement inmates moving them out, without placing handcuffs on them.

9. Mid way through the housing unit, via the opening of plaintiff' Cell door Flap. A small passage that is use for giving and taking items without having to Call the Control room. After an Unknown Staff made it Clear that the warden will be hearing any Concerns administrative Confinement inmates has.

10. Plaintiff from the opening of the cell flap. Respectfully request or ask to speak to the Warden concerning blanket deprivation of rights to access the facility's jpay Kiosk and telephone to communicate with family and friends on the outside during the Coronavirus (Covid-19) outbreak.

11. While held in administrative Confinement for more than 60-days with no disciplinary infractions. Pending allege transfer as plaintiff were current under protection status. Initiated by Willie Bowens, Classification supervisor.

12. Before plaintiff could properly address the Warden, assistant Warden J. Love rudely interrupted, cutting-off plaintiff speech. Which was more inclined towards disrespectful and hostile behavior. In addition to the assistant warden aggressively pointing his finger at the plaintiff and tells him to get off the door. This direct agitation initiated by assistant warden J. Love cause to stir up or upset the plaintiff who in turn responded by saying "Fuck You", and then got off the door pursuant to instructions.

13. Under direction of the Warden Colon, assistant Wardens Martinez, Corrales and the use of force assistant warden J. Love. Lieutenant Lane and Major Rodriguez was ordered "to go get him".

14. At cell front, prior to, the unnecessary use of force" by chemical agents. Plaintiff Can observe major Rodriguez and L.t Lane approaching his cell at F3220.

15. Plaintiff at this time is in compliance with all orders or lawful commands and departmental rules. Plaintiff is not causing disturbance, nor refuses to comply with clear and audible orders.

16. For no apparent reason L.t Lane contrary to facts or truth, falsely issue out orders ordering plaintiff to get off the cell door, shut up, and be quite ceasing disruptive behavior.

17. Plaintiff at the time, is not on the cell door oppose to L.t. Lane lies and false statements of lawful orders intentionally presented as true.

18. The plaintiff prior to the encounter with the Lieutenant had followed orders issued by assistant warden J. Love which he completely removed himself from off the cell door and the plaintiff was in perfect compliance with all commands.

19. At Lieutenant's persistence on falsely telling plaintiff to get off the door. The plaintiff, quickly advised loudly that he is not on the cell door, and that he previously gotten off as ordered.

20. Plaintiff informed all staff-members present that he has not caused any disruption or disturbance, that he complied and obeyed all lawful orders, because he is not on the door and that the Lieutenant is going beyond his duties in dealing wit the situation.

21. While L.t Lane at cell front looking into the plaintiff cell. Plaintiff is now away from the door pacing, walking back and forth—In the cell. Intuitively, the faculty of knowing if by instinct based on sharp insight that the plaintiff is being watched and prey'd upon inappropriately by the Lieutenant predatoriness.

22. Plaintiff dressed only in a pair of dingy over size state issued white boxer's that hangs off his waist unsuitably. Plaintiff Seeing Lt. Lane line of vision, shift directly and fixedly with a wide-eyed intense gaze at plaintiff genitalia region as the boxer's expose partially expose his private area.

23. It has became clear to plaintiff that he is subjected to Sexual harassment and sexual abuse by the Lieutenant's actions. At that moment the plaintiff informed all present staff members that PREA is been violated by Lt. Lane.

24. As it became clear that the Lieutenant was not going to be replace by another staff-member, the plaintiff Continue pleas went unanswered. As the Lieutenant's actions and behavior were unbelievable and unjustifiable.

25. The top prison officials, warden Colon, assistant wardens J. Love, Martinez and Corrales, and major Rodriguez was available to alleviate the matter between the Lieutenant and plaintiff. Each and all prison supervisors stood by, observed and allowed the lieutenant's unjustifiable Conduct Continue which lead directly to the plaintiff's Sexual assault by the hands of Lieutenant Lane.

26. Lt. Lane Continue to reappear at plaintiff's cell door further pleasing his sexual desire as the lieutenant Suddenly protrude his lips together in a kissing manner that perceived to be unwanted gestures and unwelcome Sexual advances without Consent from the plaintiff.

27. Still subjected to Lt. Lane sexual harassments and unwanted sexual advances that cause fear and discomfort, making normal functioning impossible. Plaintiff is now in a situation where he feel ~~ther~~ afraid and isolated and could see no way out, thoughts about suicide seem reasonable, as the plaintiff made it known, to the entire housing unit.

28. At this point plaintiff announced or made known publicily that he need to see mental health counselor and that he now declaring a mental health emergency. As thoughts of suicide grew strong, so fast and hard that it became unbearable.

29. Plaintiff then express that he is now covering up the cell's window and that he can not imagine any other way to show how he is feeling under constant mistreatment.

### SEXUAL ASSAULT AND THE UNNECESSARY USE OF FORCE BY CHEMICAL AGENTS

30. Plaintiff being oppressed by prison staffs and overwhelm by unchanging maltreatment. Plaintiff's behavior turned into self-injurious in which plaintiff attempts to hang himself with a sheet tied around his neck.

31. After all available top prison officials present refused, denied or otherwise rejects having a qualified mental health professional speak with plaintiff in an attempt to provide crisis intervention, to de-escalate the situation or prevent a use of force.

32. The Lieutenant Chain the plaintiff's cell door to the adjacent cell door. As plaintiff hears the chain links outside the cell door, indication that a use of force is about to occure.

33. Moments later plaintiff cell door open partially and chemical agents were now being applied into the cell.

34. This usage of chemical agents were not used with caution but maliciously and sadistically applied for punishment on the plaintiff.

35. The continuing or on-going use of chemical agents lasted for a time; as plaintiff endured the suffering of inflammatory agents that causes tearing and involuntary closing of the eyes, nasal discharge, sneezing, disorientation and acute respiratory distress. In addition to, another application of chemical agents. An irritant agent that causes buring sensation and tearing of the eyes, nasal discharge and skin and upper respiratory irritation. As the application was applied over and over and over and over again.

36. Subsequently thereafter, the lieutenant at cell front allowed for the plaintiff to be handcuffed and removed from the cell.

37. Plaintiff being handcuffed with his hands in front of him and not behind his back with a white sheet tied around his neck.

38. L.t Lane radioed Control room to open the cell door. Cell door open for unknown reason L.t. Lane halted plaintiff movement to be removed out of the Contaminated cell, orders an nearby Corrections Officer to removed the sheet off plaintiff neck, and orders plaintiff to be properly handcuffed with hands behind his back.

39. The Unknown black male Corrections officer order's plaintiff to turn around after uncuffing one of plaintiff wrist and re-cuffing it with now, both hands behind the back.

40. Entering plaintiff cell L.t. Lane and the Correctional officer purposely to get off Security Cameras within the housing unit, and deliberately evading eye-witnesses also within the housing unit.

41. L.t. Lane then order's the Corrections officer to remove the sheet. The Correctional officer drops his keys on the cell floor, the quickly and suddenly without notice or warning plaintiff feel a foregin object like a warm stick or finger firmly pressing and holds firmly on and against the plaintiff anal or anus, lasting from (5) to (7) seconds.

42. Then in plaintiff right ear he hears and listened to the Lieutenant's lowered his demeaning, cruel and threatening vioce, as he Called the plaintiff female names "you pussy muthafucka" and "you little bitch", telling the plaintiff repeatedly over, and over again that he will have plaintiff Slammed on his head if the plaintiff say anything, about the Sexual assault.

43. Frozen, scared in time, the plaintiff experience of being Sexually assaulted Shocking. Feeling unable to think move or speak. As the plaintiff life and personal Safety were violently threaten, by this Lieutenant who Control his every day life in administrative Confinement.

44. Thereafter, the plaintiff was moved to down Stairs to take a Cold Shower. Inside the Shower naked the plaintiff once again hears Lit Lane Sexual harassment when he lowered his vioce to Suggest that he too would like to take a Cold Shower with the plaintiff.

45. A short distance away major Rodriguez Stands alone with a hand held video Camera recording the entire proceedings of the post use of force. But did nothing to stop the threaten violence and unwelcoming and unwanted Sexual advances by the lieutenant.

46. Feeling extremely helpless and hopeless having no Control over what is happening plaintiff was given a state blue uniform set. He grab the uniform and started hanging himself inside the shower.

47. Chemical agents was use again on the plaintiff while in the Shower by the lieutenant.

48. Being move to room where a nurse was for medical examination following the use of force.

49. During the medical exam by expressing that his whole body feels aflame on fire. Plaintiff described that his eyes is buring, his skin on fire, his privates on fire, and that this intense heat makes it harder to breathe, To inhale and exhale in air.

50. The unknown Spainsh nurse disregarded the plaintiff's noticable physcial injuries and the extent of those injuries.

51. The nurse only took plaintiff vital sign (e.g. blood pressure) which was above normal as the machine beeped and restarted itself or possibly malfunction.

52. Thence forward the plaintiff was returned to the same cell F3220 partially or largely Contaminated which further actived the inflammatory skin agent that made plaintiff suffer in intense pain that lasted additional three days.

53. Plaintiff's body reaction to the Chemical agents caused irritation characterized by pain, redness, heat and swelling of the plaintiff, eyes, skin, and respiratory system.

54. Resuming cell clean up the top prison officials Warden Colon, assistant wardens Martinez, Corrales, Love and major Rodriguez as if nothing occurred.

55. At cell front speaking briefly with the plaintiff assistant Warden J. Love reveals that he is the one who signs off on all use of force(s) at the institution. The plaintiff also found out later on that these officials had been spraying and gasing prisoners all day with Chemical agents.

56. Plaintiff reminded the assistant warden of the mistreatment and the abuse of rights he and other administrative Confinement inmates are still experiencing. The denial and complete refusal of allowing administrative Confinement inmates to use and have access to the doom Kiosk and telephone to speak with family members during the COVID-19 pandemic, exchange laundry, etc like the inmates in general population accordance to the department rules and regulations.

57. In addition, the plaintiff apologize to the assistant Warden for his response, prior to the use of force. The plaintiff expressed that he only wanted to address the same Concerns to the responsible warden of the Facility. However, the assistant warden frustrated plaintiff's efforts and prevented him from speaking to the Warden. Which created the Chain reaction of events described herein this Federal Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

58. The plaintiff, has exhausted his administrative remedies with respect to all claims and all defendants. See · grievance log # 20-6-28622, among others.

## LEGAL RELIEF

59. Defendant Lane used and continues to use unnecessary force by chemical agents against plaintiff by spraying him in the face and body repeatedly when plaintiff is not violating any prison rules, nor acting disruptively in any way. Defendant Lane's action violated and continues to violate plaintiff's rights under the Eighth Amendment to the United State Constitution, and is causing plaintiff's pain, suffering, physcial injury and emotional distress.

60. The actions of defendant's Lane in sexual assaulting the plaintiff constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

61. The actions of defendant's Lane in sexual assaulting the plaintiff as a Corrections officer constitutes a crime of violence within the meaning of motivated by gender, pursuant to 34 U.S.C. Section 12361.

62. The actions of defendant's Lane's where nonconsensual anal penetration by a finger or foregin object against the plaintiff constitutes a felony of sexual battery under the law of the state of Florida.

63. The actions of defendants Lane in threaten to cause serious bodily harm to the plaintiff without need or provocation constituted the tort of aggravated assault under the law of the state of Florida.

64. The actions of defendants Colon, Martinez, Lore, Corrales and Rodriguez failure to intervene when a Constitutional violation take place in the presence making them Constitutionally liable. Such liability arises when officers observes the violations and is in a position to prevent it but fails to do so. As the defendants showed a conscious or callous indifference to the plaintiff rights in failing to ensure his safety at the hands of other Correctional officials.

65. The actions of defendants Colon, Martinez, Lore, Corrales and Rodriguez having Supervisory Control over Corrections officer Lane. The defendants Colon, Martinez, Lore, Corrales and Rodriguez were participants in the unnecessary use of force and the following sexual assault constitute deliberate indifference to plaintiff's Constitutional rights, after the responsible Supervisors were put on notice of the need to correct the deprivation and failed to do so. It could be also demonstrated by facts which supports an inference that the Supervisors directed their subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

66. The actions of defendants Colon, Corrales, Lore, martinez Lane and Rodriguez were also negligent in their duty of care to the plaintiff well-being. Specifically they were negligent in failing to safeguard the plaintiff from harm, unnecessary use of force and the subsequent sexual assault resulted in the plaintiff being seriously harmed as they willfully disregarded plaintiff rights. Constitutes tort of negligence under the Florida tort law.

67. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs suffered. Plaintiff has been and will continue to be irreparably injured by the malicious conduct of the defendants Corrections officers and fears for his personal safety unless this Court grants the injunctive reliefs which the plaintiff so seek.

## RELIEF REQUESTED

WHEREFORE, plaintiff respectfully request that this Honorable Court enter judgment granting plaintiff the following relief:

A. Issue an injunction ordering defendants Colon, Lore, martinez Rodriguez, Lane and Corrales to: Have these injunctions carried out without delay:

1. Arrange for plaintiff to speak directly with a local prosecutor on felony sexual battery charges criminally filed against the perpetrator Corrections officer.

3. Arrange for plaintiff and the listed named defendants to stay seperated away from one another indefinitely and permanently.

B. Award Compensatory damages in the following amounts :

1. $100,000 jointly and severally against defendant Lane for the physcial and emotional injuries sustained as a result of the sexual assault inflicted on the plaintiff.

2. $85,000 jointly and severally against defendants Colon, Love, Rodriguez, Corrales and Martinez for their failure to stop the Constitutional violations. While they all were in the position to do so, but instead allowed the deprivation to Continue.

C. Award punitive damages in the following amounts :

1. $50,000 against defendant Lane

2. $30,000 each against defendants Colon, Corrales, martinez, Love and Rodriguez.

D. Plaintiff also seek jury trial on all issues triable by a jury.

E. Plaintiff also seek recovery of all actual costs of this Civil action and

F. Any additional relief this Court deems just, proper, and equitable.

Dated: January 6, 2021

Respectfully Submitted,

Dionte Jermaine Davis
DC# E28747
T.C.1
3950 Tiger Bay Road
Daytona Beach, Florida 32124

Case#: 1:20-cv-23668-DPG

Provided To Tomoka C.I.
On 1/6/21
For Mailing, by _____

## VERIFICATION

I have read the following foregoing Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. Section 1746. Executed and handed over to FDOC legal mail staff for direct mailing on this January 6, 2021 at Tomoka C.I.

Dionte Jermaine Davis DC# E28747
Dionte Jermaine Davis DC# E28747
(Pro Se Plaintiff)

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and Correct Copy of the foregoing has been placed in the hands of prison legal mail staff(s) for forwarding by first class U.S. mail to the named defendants at the following address:

Jose Colon, Warden
M. Corrales, Assistant Warden
Martinez, Assistant Warden
J. Love, Assistant Warden
Rodriguez, Major
E. Lane, Lieutenant

Dade Correctional Institution
19000 SW 377th Street
Florida City, Florida 33034

Excuted on this June 18, 2021.

Respectfully Submitted,
Dunte I. Davis
Dunte T. Davis, E28747
Tomoka C. I

Dionte J. Davis
Tiger Bay Road
Daytona Beach, Fl


U.S. District Court
Southern District


RE: Davis v. Jose Colon et al
Case# 1:20-cv-23668-DPG


1. Plaintiff files this appendix as proof of Service
of the Amended Complaint on all defendants, it
was hand deliver to officials on this day
June 18, 2021 evident by the facility legal
mail Stamp herein.

Dionte J. Davis
DC# E28747
Pro Se Plaintiff

Dionte J. Davis, DC#E 28747
Tomoka Correctional Institution
3950 Tiger Bay Road
Daytona Beach, Fl 32124

United States District Court
Southern District of Florida
400 North Miami Avenue
Miami, Fl 33128-7716

MAILED FROM
A STATE CORRECTIONAL
INSTITUTION

LEGAL
MAIL