UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23668-Civ-GAYLES/TORRES

DIONTE JERMAINE DAVIS,

    Plaintiff,

v.

WARDEN, DADE COUNTY, C.I., *et al.*,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

This matter is before the Court on Dionte Jermaine Davis' ("Plaintiff") motion to compel discovery from Jose Colon, Mario Corales, Ermon Lane, Jimmy Love, August Martinez, and Julian Rodriguez (collectively, "Defendants"). [D.E. 47]. Defendants filed a timely response in opposition to Plaintiff's motion on August 12, 2022, [D.E. 49], to which Plaintiff did not reply. Therefore, Plaintiff's motion is now ripe for disposition.[1] After careful consideration of the motion and the supporting record, and for the reasons set forth below, Plaintiff's' motion is **GRANTED**.

Plaintiff, a prisoner at Union Correctional Institution ("C.I.") in Florida, filed a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants, who are all employees of C.I. According to the Complaint, on or about July 31, 2020, while Defendants conducted a cell cleanup, Plaintiff was subjected to excessive use of force,

---

[1] On March 3, 2022, the Honorable Darrin P. Gayles referred all discovery matters to the Undersigned Magistrate for disposition. [D.E. 40].

as well as sexual assault by some of the Defendants in violation of his Eight Amendment rights. Accordingly, Plaintiff has moved to compel evidence which supports his allegations.

Specifically, Plaintiff's motion seeks to compel production of evidence on two different fronts: (i) Plaintiff alleges that Defendants have video surveillance tapes and audio recordings that support his allegations, and seeks production of such evidence; and (ii) Plaintiff asserts that there exists a pattern of unjustified excessive force by officers at C.I., so he seeks production of documents related to any grievances or complaints involving any of the Defendants for the use of excessive force since July 31, 2020, to present. Because we find that both requests for production are relevant and narrowly tailored to the issues at hand, Plaintiff's motion is GRANTED.

First, we note that Defendants' response in opposition does not address the substance of Plaintiff's request at all. [D.E. 49]. Instead, Defendants ask this Court to dismiss Plaintiff's requests purely on procedural grounds that lack persuasive power in the context for this litigation. For instance, Defendants claim that the motion should be denied because Plaintiff, an inmate at a state prison, has not thoroughly conferred with counsel about every single one of Defendants' discovery responses,[2] or because Plaintiff has failed to set an in-person discovery hearing in accordance with the Court's discovery procedures. Tellingly, however,

---

[2] Defendants concede, however, that Plaintiff has taken steps to communicate to them his objections to Defendants' discovery responses on more than one occasion. [D.E. 49 at 3-4].

nowhere in their response do Defendants explain the nature of their blanket objections on relevancy or scope, nor do they "address the request[s], do not refute existence of any surveillance tape [or excessive force complaints], nor do they proffer any video surveillance tape [or excessive force records]." *Corbett v. Branker*, No. 5:10-CT-3135-BO, 2012 WL 482367, at *3 (E.D.N.C. Feb. 14, 2012) (granting motion to compel video evidence in a similar § 1983 case).

Contrary to Defendants' claims of irrelevancy and scope, we find that any video or audio recordings of the incidents Plaintiff alleges to have taken place on or about July 31, 2020, are relevant to this dispute and, as such, are subject to discovery. Likewise, documents relating to grievances or complaints involving the specific Defendants for the excessive use of force should also be produced to Plaintiff. *See, e.g.*, *Germain v. Gilpin*, No. CV TDC-18-0846, 2019 WL 1433019, at *8 (D. Md. Mar. 29, 2019) (video showing "portion of the transport of [Plaintiff] to the medical unit" relevant in excessive force § 1983 action); *Abney v. Younker*, No. 1:13-CV-1418, 2019 WL 7812383, at *1 (M.D. Pa. Oct. 3, 2019), *report and recommendation adopted*, No. 1:13-CV-01418, 2020 WL 488894 (M.D. Pa. Jan. 30, 2020) (considering video evidence of the alleged incident in an inmate's § 1983 lawsuit); Accordingly, it is **ORDERED** and **ADJUDGED** that:

1. Within **fourteen (14) days** of this Order, Defendants must produce any existing audio and video recordings of the incidents Plaintiff alleges took place on or about July 31, 2020. In addition to providing such evidence to Plaintiff himself, Defendants must also submit the evidence to this Court

accompanied by a notice of filing. If this evidence does not exist, Defendants must provide Plaintff with a sworn statement to that effect.

2. Within **fourteen (14) days** of this Order, Defendants must provide Plaintiff with all existing non-privileged documents relating to third party grievances or complaints, both formal and informal, involving any of the named Defendants for the use of excessive force, for the time period of July 31, 2020, to present. The production of any such materials does not adjudicate the ultimate admissibility issues that could be raised at a later stage of the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of October, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge